IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN LLOYD<br>on behalf of himself and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FTS INTERNATIONAL SERVICES, LLC<br>and J-W WIRELINE COMPANY<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: _____ |

## COMPLAINT

Plaintiff Stephen Lloyd, on behalf of himself, and all others similarly situated, for his Complaint against FTS International Services, LLC and J-W Wireline Company states and alleges as follows:

### SUMMARY

1.      FTS International Services, LLC and J-W Wireline Company (hereinafter "Defendants") required and/or permitted Stephen Lloyd (hereinafter "Plaintiff") and other similarly situated employees to work in excess of forty hours per week at their facilities but refused to compensate them properly for such hours.

2.      Defendants' conduct is in violation of the Fair Labor Standards Act ("FLSA"), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3.      Defendants' conduct is in violation of N.D. Admin. Code §46-02-07-02(4) requiring employees to be compensated for their overtime work at a rate of one and one-half times the regular rate of pay.

4.      Plaintiff Stephen Lloyd and other similarly situated employees are FLSA non-exempt workers who have been denied overtime pay required by law, for which they now seek recovery.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

7.      Venue is proper in the U.S. District Court for the District of North Dakota because a substantial part of the relevant conduct occurred in this district and Defendant conducts business in this district.

### THE PARTIES

8.      Plaintiff Stephen Lloyd is an adult resident of Billings, Yellowstone County, Montana.  Plaintiff worked for Defendant as an hourly-paid wireline operator from approximately December 2013 to April 2016.  Mr. Lloyd's written consent to join this action is attached as Exhibit "A."

9.      The Class Members are Defendants' hourly-paid oilfield workers at any time during the three year period immediately preceding the filing of this suit.

10.     Defendant FTS International Services, LLC is a limited liability company with its principle place of business in Fort Worth, TX. Service of process may be had on Defendant through its registered agent: Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411 or wherever they may be found.

11.     Defendant J-W Wireline Company is a company with its principle place of business in Dallas, TX.   Defendant FTS International Services, LLC acquired Defendant J-W Wireline Company in 2014.  Service of process may be had on Defendant through its registered agent:  David A. Miller at 100 N. Main St., P.O. Box 130, Palmer, TX 75152 or wherever they may be found.

**COVERAGE**

12.     Each Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

13.     Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to each Plaintiff and Class Members.

14.     Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

15.     Defendants operate in interstate commerce by, among other things, dispatching its employees and equipment across state lines.

16.     Each Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

17.     Defendants employed Plaintiff and Class Members to provide oil and gas well completion services to Defendants' customers in the oil and gas industry.  Defendants paid these employees a base hourly rate plus overtime at one-and-one-half times the base hourly rate for hours worked over forty in a workweek.

18.     In addition, Defendants paid a non-discretionary commission or bonus ranging from 1% to 3% of the revenue from each job.

19.     These non-discretionary commissions or bonuses were substantial in amount relative to the employees' base hourly wage.

20.     Defendants did not include these non-discretionary commissions or bonuses in calculating employees' regular or overtime rates of pay.

21.     Plaintiffs and Class Members regularly worked in excess of forty hours in a workweek, working as many 100 hours a week.

## CLASS ALLEGATIONS

22.     Plaintiff has actual knowledge that Defendants denied other Class Members overtime pay for hours worked over forty in a workweek.

23.     Although Defendants have suffered, permitted, and/ or required Plaintiffs and Class Members to work in excess of forty hours per week, Defendants have denied them full compensation for their hours worked over forty.

24.     Plaintiff and Class Members are all hourly-paid oilfield workers for Defendants.

25.     Plaintiff and Class Members are similarly situated in that they have been subject to uniform practices by Defendants to include uniform underpayment to them as oilfield workers.

26.     Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

27.     Defendants' failure to pay overtime compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

28.     Plaintiff's experiences are typical of the experiences of the Class Members.

29.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

30.     All Class Members, irrespective of their particular job requirements, are entitled to proper overtime compensation for hours worked in excess of forty during a workweek.

31.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

32.     The class of similarly situated plaintiffs is properly defined as follows:

**All oilfield workers employed by Defendants who were paid an hourly wage plus a non-discretionary commission or bonus for the three years preceding the filing of this suit.**

### CAUSES OF ACTION

33.     Plaintiffs incorporate all allegations contained in the preceding paragraphs.

34.     At all relevant times Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

35.     Defendants' failure to pay overtime compensation to Plaintiffs and Class Members violates the FLSA.

36.     Accordingly, Plaintiffs and Class Members are entitled to compensation for overtime hours worked.

37.     Additionally, Plaintiffs and Class Members are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

38.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

39.     Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiffs and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

40.     Plaintiffs and the Class Members are entitled to have the limitations period extended to three years because Defendants' actions were willful.  29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES UNDER NORTH DAKOTA LAW**

41.     Plaintiffs incorporate all allegations contained in the preceding paragraphs.

42.     North Dakota Admin. Code §46-02-07-02(4), requires non-exempt employees to be paid at a rate of one and one-half his regular rate of pay for overtime hours worked.

43.      As Plaintiffs were not paid time and one-half their regular rate of pay for hours worked over 40 in a workweek, Plaintiffs are entitled to compensation for overtime hours worked under North Dakota law.

44.      Additionally, Plaintiffs are entitled to interest on his unpaid overtime wages as provided by N.D. Cent. Code Ann. § 34-14-09.1.

**PRAYER**

WHEREFORE, Plaintiffs respectfully request judgment be entered in their favor awarding them and Class Members:

A.      proper overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates, including non-discretionary commissions or bonuses;

B.      an equal amount as liquidated damages as allowed under the FLSA;

C.      damages accrued for a three year period;

D.      reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E.      pre-judgment and post judgment interest at the highest rates allowed by law; and

F.      such other relief as to which Plaintiffs and Class Members may be entitled.

Respectfully Submitted:


YOUNG & NEWSOM, P.C.
Tim Newsom, State Bar No. 00784677
Jeremi K. Young, State Bar No. 24013793
Collin Wynne, State Bar No. 24068815
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331.1800
Fax:  (806) 398.9095
tim@youngfirm.com
jyoung@youngfirm.com
collin@youngfirm.com


By: /s/ Tim Newsom
        Tim Newsom

*Attorneys for Plaintiffs & Class Members*

COMPLAINT                                                    PAGE 8